Lawrence D. Hirsch, SBN 004982
Robert R. Northrop, SBN 033088
**PARKER SCHWARTZ, PLLC**
7310 N. 16th Street, Suite 330
Phoenix, Arizona 85020
*Telephone*: (602) 282-0477
*Facsimile*: (602) 282-0478
lhirsch@psazlaw.com
rnorthrop@psazlaw.com
Attorneys for Creditor

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>Christina L. Bingham<br><br>    Debtor. | Chapter 13 Proceedings<br><br>Case No. 2:20-bk-09587-PS<br><br>**NOTICE OF PRODUCTION SUBPOENA**<br><br>(Assigned to the Hon. Paul Sala) |

NOTICE IS HEREBY GIVEN that Creditor, John Bingham, by and through undersigned, has issued subpoenas for the production of ownership and addressees of the mailbox located at 8194 West Deer Valley Road, Suite 102, Box 421, Peoria, AZ 85382, as set forth in the Master Mailing List for Mr. Bingham's address, pursuant to Fed. R. Civ. P. 45(a)(4) and Fed. R. Bankr. P. 9016, on March 1, 2021. The subpoenas are attached as Exhibits "1" and "2" to this Notice.

RESPECTFULLY SUBMITTED: March 4, 2021.

**PARKER SCHWARTZ, PLLC**

    */s/ Rob Northrop*
Lawrence D. Hirsch
Robert R. Northrop
Attorneys for Creditor

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

1                                    **CERTIFICATE OF MAILING**

2    I, **Elisabeth Maron,** do hereby certify that a copy of the **Notice of Production Subpoena**

3    was mailed or emailed to the following addresses on the date of the electronic signature affixed

4    hereto:

5

6    Thomas McAvity
     Phoenix Fresh Start Bankruptcy

7    4602 E Thomas Rd, Ste S-9
     Phoenix, AZ 85018

8    tom@phxfreshstart.com
     Attorney for Debtor

9

10   Russell Brown
     3838 North Central Avenue, Suite 800

11   Phoenix, AZ 85012-1965
     mail@ch13bk.com

12   Trustee

13   Leonard J. McDonald, Jr.
     Tiffany & Bosco, PA

14   2525 East Camelback Road, Floor 7
     Phoenix, AZ 85016-9240

15   ecf@tblaw.com
     Attorney for Creditor Global Lending Services LLC

16

17   Synchrony Bank
     c/o PRA Receivables Management, LLC
     P.O. Box 41021

18   Norfolk, VA 23541
     RMC@PRAGroup.com

19   Creditor

20   */s/ Elisabeth Maron*
     Elisabeth Maron

21

22

23

24

25

26

27

28

Exhibit 1



**PARKER SCHWARTZ PLLC**
ATTORNEYS AT LAW

Robert R. Northrop

rnorthrop@psazlaw.com
Direct: 602-282-0469

February 26, 2021

*Via Personal Service*

Mail and More of Peoria, LLC
c/o Karen Rote
4027 West Calle Poco
Laveen, AZ 85339

      Re:    Christina L. Bingham; 2:20-bk-09587-PS
              Subpoena Duces Tecum for Production of Documents

Dear Ms. Rote:

    Accompanying this letter is a Subpoena directing you to produce documents specified in Exhibit "1" to the Subpoena, by March 8, 2021 at 9:00 A.M. at the offices of Parker Schwartz, PLLC, 7310 N. 16th Street, Suite 330, Phoenix, AZ 85020. At this time you are not required to appear in person at our office.

    To comply with the Subpoena, please mail the requested documents along with an executed and notarized affidavit confirming authenticy of the subpoenaed documents and their mainentance as business records, in the form enclosed, by the date set forth above, and in the subpoena.

    Also accompanying this letter is our firm check which represents the witness fee of $40.00 provided by 28 U.S.C. §1821(b) for appearing at the deposition and producing the documents subpoenaed. You may keep the check as payment for photocopying expenses.

    Please contact me if you have any questions at 602-282-0469. Thank you.

                Sincerely,

                Robert R. Northrop

RRN/ale
Encl.

# UNITED STATES BANKRUPTCY COURT

District of **Arizona**

In re Christina L. Bingham
_____
Debtor

_(Complete if issued in an adversary proceeding)_

Case No.  2:20-bk-09587-PS

Chapter  13

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Mail and More of Peoria, LLC, c/o Karen Rote; 4027 West Calle Poco, Laveen, AZ 85339
_____
_(Name of person to whom the subpoena is directed)_

☒ _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Exhibit "1"

| PLACE | DATE AND TIME |
|---|---|
| Parker Schwartz, PLLC; 7310 N. 16th Street, Ste. 330; Phoenix, AZ 85020 | 03/08/21        9:00 am |

☐ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/1/21

CLERK OF COURT

OR

_____
_Signature of Clerk or Deputy Clerk_

_____
_Attorney's signature_
Robert R. Northrop, SBN 033088

The name, address, email address, and telephone number of the attorney representing _(name of party)_
John Bingham _____ , who issues or requests this subpoena, are:
Rob Northrop; Parker Schwartz; 7310 N. 16th Street, Ste. 330; Phoenix, AZ 85020; RNorthrop@psazlaw.com; 602-282-0469

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**PARKER SCHWARTZ, PLLC**
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

# EXHIBIT 1

## DEFINITIONS and INSTRUCTIONS

1.    "Document" refers to and includes the originals (or copies if the originals are unavailable to you), and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, of every writing of every type of description, and every other thing constituting any medium by which, through which, or on which any type of Communication (as defined below) or knowledge has been transmitted, recorded, or preserved, whether printed, handwritten, recorded or graphic matter, computer records, photographic matter, or sound reproductions, wherever produced or recorded, whether claimed to be exempt from production pursuant to a properly asserted privilege or for any other reason, with this definition including, for illustrative purposes and without limitation, or other representations of any kind or anything pertaining, describing, referring or relating directly or indirectly, in whole or in part, to the subject matter of each paragraph of this Exhibit, and all drafts and notes made or prepared in connection with such documents, whether used or not, alterations, modifications, changes and amendments of any and all of the following:

a.    Papers, emails, text messages, instant messages, facsimiles, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, check statements, check stubs, bank statements, statements, receipts, returns, summaries, pamphlets, books, inter-office or intraoffice communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, teletypes, telefaxes, invoices, worksheets, ledger books, books of account, memoranda, pamphlets, reports, surveys, studies, analyses, tabulations, graphs, logs, abstracts, publications, advertisements, instructions, minutes, orders, purchase orders, messages, resumes, summaries, agreements, contracts, telegrams, telexes, cables, recordings, audio tapes, magnetic tapes, visual tapes, transcriptions of tapes or recordings, reports and/or summaries of investigations, opinions and/or reports of consultants, appraisals and/or other valuation estimates of any kind;

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

b. All graphic or aural records and representations of any kind, including without limitation photographs, charts, graphs, microfiche, microfilm, videotape recordings, motion pictures and electronic, mechanical or electrical records, cassettes, disks, or recordings of any kind;

c. Electronic mail communications, computer disks and diskettes, computer input or output, computer hard drive files, flash drives, external hard drives computer, cloud-based files, back up tapes, zip drive files, tapes, and any other means of computerized recording produced in a form that is reasonably usable; and

d. As otherwise provided under Fed. R. Evid. 1001, Fed. R. Bankr. P. 7034, and Fed. R. Civ. P. 34.

2. "Communication" means and includes any transmission of information from one person to another, including, without limitation, by personal meeting, telephonic conference, letter, facsimile, email, text message, and any other form of electronic communication, including any Document.

3. "Person" or "persons" means all entities of every type and description including all natural persons, associations, companies, partnerships, joint ventures, corporations, trusts, estates, and federal, state and municipal or local governmental agencies and entities and their subdivisions, bureaus, departments and boards.

4. "Related to" or "relating to" means mentioning, memorializing, discussing, including, summarizing, describing, reflecting, containing, referring to, relating to, depicting, arising from, in connection with, embodying, evidencing, constituting, concerning, reporting, purporting or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

4. "You" or "your" means **Mail and More of Peoria, LLC** and includes any of its present and former divisions, departments, subsidiaries, affiliates, predecessors, predecessors-by-merger, successors-by-merger, officers, directors, owners, employees, partners, limited partners, managers, servicing agents, sub-servicing agents, agents, brokers, persons under its control, and/or other person, entity, or agent acting on your

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

1  behalf, including, but not limited to, any attorneys, accountants, advisors, and

2  consultants.

3  5.     You are requested to segregate the documents produced pursuant to this

4  Subpoena according to the paragraph and subparagraphs hereof in response to and under

5  which they are produced.

6  6.     Wherever appropriate, the singular form of a word should be interpreted in the

7  plural.

8  7.     The words "and" and "or" shall be construed conjunctively or disconjunctively as

9  is necessary to make each Request inclusive rather than exclusive.

10  8.     If you consider any document to be privileged, with respect to each such

11  document, provide separately the following information:  a general description of the

12  document; a full explanation of the basis of the privilege claim; the identity of the author

13  and all signatories of the document; and the identity of the present custodian of the

14  document.

15  ### DOCUMENTS TO BE PRODUCED

16  1.     All Documents related to Mailbox Number 421 located at 8194 West Deer Valley

17  Road, Suite 102, generated, transmitted, received, and/or dated, during the period of

18  December 1, 2019 to present, including without limitation to the following:

19      A. All Communications;

20      B. All monthly statements; payment history; rental applications; contracts; leases;

21  forwarding address information; renter contact information; and list of addresses.

22  2.     All Documents related to Mailbox Number 421 located at 8194 West Deer Valley

23  Road, Suite 106, generated, transmitted, received, and/or dated, during the period of

24  December 1, 2019 to present, including without limitation to the following:

25      A. All Communications;

26      B. All monthly statements; payment history; rental applications; contracts; leases;

27  forwarding address information; renter contact information; and list of addresses.

28  3.     All Documents related to any other existing or closed account related to Christina

L. Bingham and or John Bingham, during the period of December 1, 2019 to present, including without limitation to the following:

A.    All Communications;

B.    All monthly statements; payment history; rental applications; contracts; leases; forwarding address information; renter contact information; and list of addresses.

4.    Any other Documents referencing or otherwise related to Christina L. Bingham and/or John Bingham, generated, transmitted, received, and/or dated, during the period of December 1, 2019 to present, including without limitation, any correspondence, rental applications, contracts; leases; payments, judgments, notices, inquiries, and/or subpoenas.

PARKER SCHWARTZ, PLLC
7310 North 16ᵗʰ Street, Suite 330
Phoenix, Arizona 85020

# AFFIDAVIT OF CUSTODIAN OF RECORDS

STATE OF _____ )
                          ) §§
County of _____ )

The undersigned hereby declares, under oath that the following statements are true:

1.     I am the duly authorized Custodian of Records of Mail and More of Peoria, LLC, and I have authority to certify records on Mail and More of Peoria, LLC's behalf.

2.     The records attached hereto are true copies of all the records requested in the subpoena for documents served upon Mail and More of Peoria, LLC in the United States Bankruptcy Court, District of Arizona; Case No. 2:20-bk-09587-PS.

3.     The records were prepared by me or persons acting under the control of me in the ordinary course of business at or near the time of the act, condition, or event in said records.

4.     The records are kept in the course of regularly conducted business pursuant to the regular practice of undersigned.

_____
Mail and More of Peoria, LLC
Custodian of Records

SUBSCRIBED AND SWORN to before me this ____ day of _____, 2021,

by _____, Custodian of Records for Mail and More of Peoria, LLC.

_____
Notary Public

My Commission Expires:

_____

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

Exhibit 2



**PARKER SCHWARTZ PLLC**
ATTORNEYS AT LAW

Robert R. Northrop

rnorthrop@psazlaw.com
Direct: 602-282-0469

February 26, 2021

*Via Personal Service*

A To Z Pack and Ship LLC
c/o MLR Professional Tax Services LLC
2440 N. Litchfield Rd. # 208
Goodyear AZ 85395

      Re:    Christina L. Bingham; 2:20-bk-09587-PS
                 Subpoena Duces Tecum for Production of Documents

Dear Sir/Madam:

    Accompanying this letter is a Subpoena directing you to produce documents specified in Exhibit "1" to the Subpoena, by March 8, 2021 at 9:00 A.M. at the offices of Parker Schwartz, PLLC, 7310 N. 16th Street, Suite 330, Phoenix, AZ 85020. At this time you are not required to appear in person at our office.

    To comply with the Subpoena, please mail the requested documents along with an executed and notarized affidavit confirming authenticy of the subpoenaed documents and their mainentance as business records, in the form enclosed, by the date set forth above, and in the subpoena.

    Also accompanying this letter is our firm check which represents the witness fee of $40.00 provided by 28 U.S.C. §1821(b) for appearing at the deposition and producing the documents subpoenaed. You may keep the check as payment for photocopying expenses.

    Please contact me if you have any questions at 602-282-0469. Thank you.

                Sincerely,

                Robert R. Northrop

RRN/ale
Encl.

7310 NORTH 16TH STREET | SUITE 330 | PHOENIX ARIZONA 85020 |
602-282-0477 FX 602-282-0478 | WWW.PARKERSCHWARTZLAW.COM

# UNITED STATES BANKRUPTCY COURT

District of _____ **Arizona** _____

In re Christina L. Bingham
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____

_____
Plaintiff
v.

_____
Defendant

Case No. __2:20-bk-09587-PS__

Chapter __13__

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __AToZPackandShip LLC c/o MLR Professional Tax Services LLC, 2440 N. Litchfield Rd. # 208,Goodyear AZ 85395__
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Exhibit "1"

| PLACE | DATE AND TIME |
|-------|---------------|
| Parker Schwartz, PLLC; 7310 N. 16th Street, Ste. 330; Phoenix, AZ 85020 | 03/08/21        9:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _3/1/21_

CLERK OF COURT

OR _____

_____           _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*
                                              Robert R. Northrop, SBN 033088

The name, address, email address, and telephone number of the attorney representing *(name of party)*
John Bingham _____ , who issues or requests this subpoena, are:
Rob Northrop; Parker Schwartz; 7310 N. 16th Street, Ste. 330; Phoenix, AZ 85020; RNorthrop@psazlaw.com; 602-282-0469

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

# EXHIBIT 1

## DEFINITIONS and INSTRUCTIONS

1.    "Document" refers to and includes the originals (or copies if the originals are unavailable to you), and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, of every writing of every type of description, and every other thing constituting any medium by which, through which, or on which any type of Communication (as defined below) or knowledge has been transmitted, recorded, or preserved, whether printed, handwritten, recorded or graphic matter, computer records, photographic matter, or sound reproductions, wherever produced or recorded, whether claimed to be exempt from production pursuant to a properly asserted privilege or for any other reason, with this definition including, for illustrative purposes and without limitation, or other representations of any kind or anything pertaining, describing, referring or relating directly or indirectly, in whole or in part, to the subject matter of each paragraph of this Exhibit, and all drafts and notes made or prepared in connection with such documents, whether used or not, alterations, modifications, changes and amendments of any and all of the following:

a.    Papers, emails, text messages, instant messages, facsimiles, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, check statements, check stubs, bank statements, statements, receipts, returns, summaries, pamphlets, books, inter-office or intraoffice communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, teletypes, telefaxes, invoices, worksheets, ledger books, books of account, memoranda, pamphlets, reports, surveys, studies, analyses, tabulations, graphs, logs, abstracts, publications, advertisements, instructions, minutes, orders, purchase orders, messages, resumes, summaries, agreements, contracts, telegrams, telexes, cables, recordings, audio tapes, magnetic tapes, visual tapes, transcriptions of tapes or recordings, reports and/or summaries of investigations, opinions and/or reports of consultants, appraisals and/or other valuation estimates of any kind;

PARKER SCHWARTZ, PLLC
7310 North 16ᵗʰ Street, Suite 330
Phoenix, Arizona 85020

b.     All graphic or aural records and representations of any kind, including without limitation photographs, charts, graphs, microfiche, microfilm, videotape recordings, motion pictures and electronic, mechanical or electrical records, cassettes, disks, or recordings of any kind;

c.     Electronic mail communications, computer disks and diskettes, computer input or output, computer hard drive files, flash drives, external hard drives computer, cloud-based files, back up tapes, zip drive files, tapes, and any other means of computerized recording produced in a form that is reasonably usable; and

d.     As otherwise provided under Fed. R. Evid. 1001, Fed. R. Bankr. P. 7034, and Fed. R. Civ. P. 34.

2.     "Communication" means and includes any transmission of information from one person to another, including, without limitation, by personal meeting, telephonic conference, letter, facsimile, email, text message, and any other form of electronic communication, including any Document.

3.     "Person" or "persons" means all entities of every type and description including all natural persons, associations, companies, partnerships, joint ventures, corporations, trusts, estates, and federal, state and municipal or local governmental agencies and entities and their subdivisions, bureaus, departments and boards.

4.     "Related to" or "relating to" means mentioning, memorializing, discussing, including, summarizing, describing, reflecting, containing, referring to, relating to, depicting, arising from, in connection with, embodying, evidencing, constituting, concerning, reporting, purporting or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

4.     "You" or "your" means **A to Z Pack and Ship, LLC** and includes any of its present and former divisions, departments, subsidiaries, affiliates, predecessors, predecessors-by-merger, successors-by-merger, officers, directors, owners, employees, partners, limited partners, managers, servicing agents, sub-servicing agents, agents, brokers, persons under its control, and/or other person, entity, or agent acting on your

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

1  behalf, including, but not limited to, any attorneys, accountants, advisors, and

2  consultants.

3  5.    You are requested to segregate the documents produced pursuant to this

4  Subpoena according to the paragraph and subparagraphs hereof in response to and under

5  which they are produced.

6  6.    Wherever appropriate, the singular form of a word should be interpreted in the

7  plural.

8  7.    The words "and" and "or" shall be construed conjunctively or disconjunctively as

9  is necessary to make each Request inclusive rather than exclusive.

10  8.    If you consider any document to be privileged, with respect to each such

11  document, provide separately the following information:  a general description of the

12  document; a full explanation of the basis of the privilege claim; the identity of the author

13  and all signatories of the document; and the identity of the present custodian of the

14  document.

15  ## DOCUMENTS TO BE PRODUCED

16  1.    All Documents related to Mailbox Number 421 located at 8194 West Deer Valley

17  Road, Suite 102, generated, transmitted, received, and/or dated, during the period of

18  December 1, 2019 to present, including without limitation to the following:

19     A. All Communications;

20     B. All monthly statements; payment history; rental applications; contracts; leases;

21  forwarding address information; renter contact information; and list of addresses.

22  2.    All Documents related to Mailbox Number 421 located at 8194 West Deer Valley

23  Road, Suite 106, generated, transmitted, received, and/or dated, during the period of

24  December 1, 2019 to present, including without limitation to the following:

25     A. All Communications;

26     B. All monthly statements; payment history; rental applications; contracts; leases;

27  forwarding address information; renter contact information; and list of addresses.

28  3.    All Documents related to any other existing or closed account related to Christina

L. Bingham and or John Bingham, during the period of December 1, 2019 to present, including without limitation to the following:

A.    All Communications;

B.    All monthly statements; payment history; rental applications; contracts; leases; forwarding address information; renter contact information; and list of addresses.

4.    Any other Documents referencing or otherwise related to Christina L. Bingham and/or John Bingham, generated, transmitted, received, and/or dated, during the period of December 1, 2019 to present, including without limitation, any correspondence, rental applications, contracts; leases; payments, judgments, notices, inquiries, and/or subpoenas.

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

# AFFIDAVIT OF CUSTODIAN OF RECORDS

STATE OF _____  )
                          ) §§
County of _____  )

      The undersigned hereby declares, under oath that the following statements are true:

      1.    I am the duly authorized Custodian of Records of A to Z Pack and Ship, LLC, and I have authority to certify records on A to Z Pack and Ship, LLC's behalf.

      2.    The records attached hereto are true copies of all the records requested in the subpoena for documents served upon A to Z Pack and Ship, LLC in the United States Bankruptcy Court, District of Arizona; Case No. 2:20-bk-09587-PS.

      3.    The records were prepared by me or persons acting under the control of me in the ordinary course of business at or near the time of the act, condition, or event in said records.

      4.    The records are kept in the course of regularly conducted business pursuant to the regular practice of undersigned.

                          _____
                          A to Z Pack and Ship, LLC
                          Custodian of Records

SUBSCRIBED AND SWORN to before me this ___ day of _____, 2021,

by _____, Custodian of Records for A to Z Pack and Ship, LLC.

                          _____
                          Notary Public

My Commission Expires:

_____

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.: