Lawrence D. Hirsch, SBN 004982
Robert R. Northrop, SBN 033088
**PARKER SCHWARTZ, PLLC**
7310 N. 16th Street, Suite 330
Phoenix, Arizona 85020
*Telephone*: (602) 282-0477
*Facsimile*: (602) 282-0478
lhirsch@psazlaw.com
rnorthrop@psazlaw.com
Attorneys for Creditor

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>Christina L. Bingham<br><br>    Debtor.<br>―――――――――――――――<br>Hughes Federal Credit Union<br><br>    Movant,<br><br>Christina L. Bingham, Debtor;<br>John Bingham, Co-Debtor; and<br>Russell Brown, Chapter 13 Trustee,<br><br>    Respondents. | Chapter 13 Proceedings<br><br>Case No. 2:20-bk-09587-PS<br><br>**RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY RE: 2017 CADILLAC ESCALADE**<br><br>(Assigned to the Hon. Paul Sala) |

John Bingham, (herein referred to as "Co-Debtor"), by and through his attorneys, Parker Schwartz, PLLC, by Lawrence D. Hirsch, Esq. and Robert R. Northrop, Esq., hereby responds in opposition to the *Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 and Co-Debtor Stay of 11 U.S.C. § 1301 Regarding Debtor's 2017 Cadillac Escalade* (the "Motion"), filed by secured creditor Hughes Federal Credit Union ("Hughes"), as follow:

## I. Introduction

On or about April 7, 2021, Co-Debtor filed a Motion to Dismiss Bankruptcy or in the Alternative Convert to Chapter 7 (DE 61) and Objection to Plan (DE62). During the pendency of Co-Debtor's Motions before the Court, Debtor and Co-Debtor engaged in settlement negotiations and on or about June 10, 2021, Debtor and Co-Debtor executed a Stipulated Order Confirming Chapter 13 Plan (the "SOC"). On or about June 11, 2021, Debtor submitted the SOC to the Trustee for approval as reflected in the Notice to the Court (DE 79). To date, the Trustee has not approved the SOC. All parties-in-interest executed the SOC prior to submission for Trustee approval. Hughes appeared and filed the Motion on June 2, 2021. This Response only relates to the portion of the Motion that requests stay relief against Co-Debtor. Hughes is free to pursue its in rem remedy against Debtor and foreclose on the Collateral if Debtor fails to surrender same. However, this Court should deny Co-Debtor stay relief, because the SOC prohibits Hughes from pursuing its in personam remedy against Co-Debtor.

## II. Law and Argument

Under 11 U.S.C. § 1301(c), Hughes may be granted relief from the stay as to Co-Debtor, "to the extent that—the plan filed by the debtor proposes not to pay such claim…" The Plan does not propose to pay Hughes' claim, however the SOC (attached as Exhibit "1") does propose to pay any deficiency upon surrender of the 2017 Cadillac Escalade ("Collateral"). The SOC states that: (1) Debtor shall surrender the Collateral to Hughes (SOC at ¶(C)(5)(b)); (2) Debtor shall remain liable for the deficiency obligation to Hughes and shall pay the deficiency in full (SOC ¶(C)(6)(b)); and (3) Debtor shall indemnify and hold harmless from any liability related to Hughes (SCO ¶(C)(6)(c)). Lastly, the SOC states that "[s]ince the debt is being paid in full the co-debtor stay of 11 U.S.C. § 1301 shall apply and no action may be commenced against co-debtor John Bingham (SOC at ¶(C)(5)(b)).

Approval of the SOC by the Trustee is imminent. Once that occurs, Co-Debtor will withdraw his two pending motions. Granting the Motion will unwind all the efforts the parties have made in reaching a resolution on Co-Debtor's two pending motions before this Court.

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

Hughes only recently made an appearance in this case, when it filed the Motion. Co-Debtor contacted Hughes' counsel and provided a copy of the SOC and the status of same.

Under the terms of the SOC, Debtor is liable for all the debt obligations related to the Collateral, including indemnifying Co-Debtor from any liability related to Hughes. Because of this, Hughes' argument that it will be irreparably harmed by the continuation of the stay as to Co-Debtor is misplaced. Mere delay of payment of interest under the co-debtor stay does not constitute irreparable harm which would justify the lifting of the stay. *In re Butler*, 242 B.R. 553, 559 (Bankr. S.D. Ga. 1999) (*Citing In re Harris,* 16 B.R. 371 at 378).

Debtor has agreed to surrender the Collateral to Hughes. Debtor has agreed to pay any deficiency amount due to Hughes, in full. Debtor has agreed to indemnify Co-Debtor for any liability related to amounts owed to Hughes. Debtor has agreed that the co-debtor stay shall remain in place and that no action may commence against the Co-debtor. Hughes is protected under the SOC and is not entitled to stay relief. The slight delay in waiting for approval from the Trustee does not justify stay relief, as to Co-Debtor. Hughes is free to pursue its in rem remedy against the Collateral but precluded from pursuing its in personam remedy against Co-Debtor.

### III. Conclusion

For the foregoing reasons, Co-Debtor respectfully request the Court to deny stay relief to Hughes, as to Co-Debtor, so Debtor and Co-Debtor may proceed with resolving Co-Debtor's two motions pending before the Court.

RESPECTFULLY SUBMITTED this 16thday of July 2021.

**PARKER SCHWARTZ, PLLC**

*/s/ Robert R. Northrop*
Lawrence D. Hirsch
Robert R. Northrop
Attorneys for Creditor

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

1  Filed via ECF and copies sent by Mail
and email this 16th day of July 2021,
2  to the following:

3  Thomas McAvity
4  Phoenix Fresh Start Bankruptcy
4602 E Thomas Rd, Ste S-9
5  Phoenix, AZ 85018
6  [tom@phxfreshstart.com](mailto:tom@phxfreshstart.com)
*Attorney for Debtor*

7
8  Russell Brown
3838 North Central Avenue, Suite 800
9  Phoenix, AZ 85012-1965
10  [mail@ch13bk.com](mailto:mail@ch13bk.com)
*Trustee*

11
Jody A. Corrales
12  Deconcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
13  Tucson, AZ 85716-5300
14  [jcorrales@dmyl.com](mailto:jcorrales@dmyl.com)
*Attorneys for Hughes Federal Credit Union*

15
/s/  Chris Eckert
16