THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re | CHAPTER 13 |
|---|---|
| CHRISTINA L. BINGHAM, | CASE NO. 2-20-BK-09587-PS |
| Debtor. | **STIPULATED ORDER CONFIRMING SECOND AMENDED CHAPTER 13 PLAN** |

The Second Amended Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Second Amended Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-1 | $462.00 |
| 2-2 | $463.00 |
| 3-4 | $620.00 |

- 1 -

In re: Bingham
Case No. 2-20-BK-09587-PS

| | |
|---|---|
| 5-6 | $740.00 |
| 7-10 | $790.00 |
| 11-11 | $800.00 |
| 12-12 | $1,155.00 |
| 13-60 | $1,235.00 |

The payments are due on or before the 20th day of each month commencing September 20, 2020. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

Within 14 days of filing them, the Debtors will provide a copy of the 2020 through 2024 federal and state income tax returns to their attorney, who is to provide the returns to the Trustee through www.13documents.com.

(2) Other Property. In the event that other property is submitted, it shall be treated as supplemental payments

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) <u>Administrative expenses:</u>

<u>Attorney Fees.</u> Tom McAvity, shall be allowed total compensation of $4,500. Counsel

- 2 -

In re: Bingham
Case No. 2-20-BK-09587-PS

Case 2:20-bk-09587-PS    Doc 128    Filed 02/14/22    Entered 02/14/22 08:45:32    Desc
Main Document    Page 2 of 9

received $0.00 prior to filing this case and will be paid $4,500 by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property</u>:

  (a) None.

(3) <u>Claims Secured by Personal Property</u>:

  (a) Global Lending Services LLC, secured by a lien in 2017 Chevrolet Malibu, shall be paid a secured claim of $25,038.84 with 6% interest. The creditor will receive adequate protection payments of $200 per month. The balance of the debt shall be classified as unsecured.

(4) <u>Unsecured Priority Claims</u>:

  (a) Department of Treasury/Internal Revenue Service shall be paid an unsecured priority claim of $7,028.48 with no interest for income taxes.

(5) <u>Surrendered Property</u>:

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

  (a) Debtor has transferred possession of or will immediately transfer possession of the 2013 Lincoln MKZ to American Credit Acceptance, the Debtor shall make no post-petition payments to American Credit Acceptance on the secured debt, and American Credit Acceptance shall accept no post-petition payments from the Debtor on the secured debt.

- 3 -

In re: Bingham
Case No. 2-20-BK-09587-PS

Case 2:20-bk-09587-PS    Doc 128    Filed 02/14/22    Entered 02/14/22 08:45:32    Desc
Main Document    Page 3 of 9

(b) Debtor's nephew will make direct payments to Ally Capital with regards to the 2016 Acura LS. The Debtor shall make no post-petition payments to Ally Capital on the secured debt, and Ally Financial shall accept no post-petition payments from the Debtor on the secured debt.

(c) Debtor shall surrender 2017 Cadillac Escalade in which Hughes Federal Credit Union has a security interest.

(6) Other Provisions:

a) Any deficiency claim by Hughes Federal CU resulting from Debtor's surrender of her 2017 Cadillac Escalade shall be paid directly by Debtor. Such direct payments shall not prejudice similarly situated unsecured creditors with allowed Chapter 13 claims.

b) Hughes Credit Union shall notify John Bingham and Max Hanson (state court counsel) in the event of default (failure to pay within 10 days of due date). Co-debtor, John Bingham, shall have no liability for any deficiency to such creditor. Debtor shall indemnify and hold harmless Creditor John Bingham from any and all liability arising from Debtor's failure to pay Hughes Federal CU as stated above. Said indemnification shall specifically include reimbursement for attorney's fees and costs should John Bingham be called upon to pay Hughes Federal CU, with or without litigation. Said indemnification is specifically not discharged upon completion of the Plan by Debtor and the entry of a Discharge.

c) The IRS proof of claim indicating a total balance of $46,818.86 including priority claim of $7,028.48 and general unsecured claim of $39,790.38 shall be paid as follows:

    1. Priority claim of $7,028.48 shall be paid through the Plan.
    2. General unsecured claim of $39,790.38 shall be paid by co-debtor, John Bingham. Based on the documentation provided by Mr. Bingham from the IRS website, on October 21, 2021, Mr. Bingham remitted payment sufficient to satisfy the IRS general unsecured claim for tax years 2013, 2014 and 2015.

d) Trustee shall make no disbursement to the IRS for the general unsecured IRS claim. Notwithstanding co-debtor's obligation for such IRS debt, debtor in this case shall not be entitled to a discharge until the entire amount of the allowed claim of the IRS is paid in full. The IRS consents to the forgoing treatment of its claim as noted by the IRS representative's endorsements of this Order.

- 4 -

In re: Bingham
Case No. 2-20-BK-09587-PS

e) The Maricopa Superior Court shall retain jurisdiction to enter Orders consistent with this Agreement and shall also retain jurisdiction for the enforcement of the obligations contained herein. There shall be no further modifications of the allocation of assets and division of debts in the Family Court matter. However, the Superior Court may enter orders reflecting and mirroring the terms and conditions of this Agreement and Debtor will cooperate in the execution of such documents and pleadings.

f) Any proceeds from the Debtor's tort case shall be prorata to Debtor's outstanding balance due to Hughes Fed CU and the outstanding balance due under the Plan. If and when a settlement is reached, the Trustee will file an application to approve settlement which will more fully set forth disbursement instructions for Hughe's Federal Credit Union's pro rata share. Tort proceeds paid to the Plan shall be applied first to unsecured, priority claims, then to unsecured, nonpriority claims, then finally as advance Plan payments, but the term of the Plan will not be reduced to less than 60 months unless all claims are paid in full. The Debtor's interest in the personal injury claim remains property of the estate. The Debtor must obtain a subsequent bankruptcy court order approving the settlement before personal injury counsel may be awarded fees or disburse any settlement proceeds to the Debtor or other interested parties.

g) The Plan shall not be deemed complete and the Debtor granted a discharge until unsecured creditors, other than the unsecured portion of IRS claim, paid by co-debtor, John Bingham, are paid 100% on their allowed claims.

(7) <u>Unsecured Nonpriority Claims.</u> Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

- 5 -

In re: Bingham
Case No. 2-20-BK-09587-PS

Case 2:20-bk-09587-PS    Doc 128    Filed 02/14/22    Entered 02/14/22 08:45:32    Desc
Main Document    Page 5 of 9

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

*Russell Brown*
2022.02.10 16:11:48
-07'00'

Russell Brown, Trustee


*/s/ Tom McAvity*

Tom McAvity
Attorney for Debtors


_____
Lawrence Hirsch
Attorney for John Bingham


*/s/ Mark S. Bosco*

Mark S. Bosco
Leonard J. McDonald
Attorneys for Secured Creditor, Global Lending Services LLC

- 6 -

In re: Bingham
Case No. 2-20-BK-09587-PS

DocuSign Envelope ID: B58BD0F3-26BE-4B93-AE87-0F38EC1288AC

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_____
Russell Brown, Trustee

_____
Tom McAvity
Attorney for Debtors

_____
Lawrence D. Hirsch
—DocuSigned by: 7ACA9C582E76487...
Lawrence Hirsch
Attorney for John Bingham

_____
Mark S. Bosco
Leonard J. McDonald
Attorneys for Secured Creditor, Global Lending Services LLC

- 6 -

In re: Bingham
Case No. 2-20-BK-09587-PS

*[signature]* 12/1/2021

Jody A. Corrales,
Attorney for Secured Creditor, Hughes Federal Credit Union

_____
Daisy Montanez,
Bankruptcy Specialist, Internal Revenue Service

The Debtors certify: All required State and Federal Income tax returns have been filed No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

*[DocuSigned signature]*
_____
CHRISTINA L. BINGHAM, Debtor

- 7 -

In re: Bingham
Case No. 2-20-BK-09587-PS

_____
Jody A. Corrales,
Attorney for Secured Creditor, Hughes Federal Credit Union

Gary M. Restaino
United States Attorney

**EMORY HURLEY** Digitally signed by EMORY HURLEY
Date: 2021.12.01 17:27:08 -07'00'
_____
Emory T. Hurley
Assistant United States Attorney
Attorneys for U.S. Internal Revenue Service

    The Debtors certify: All required State and Federal Income tax returns have been filed No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
CHRISTINA L. BINGHAM, Debtor

- 7 -

In re: Bingham
Case No. 2-20-BK-09587-PS